*NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JAMIE HAYES, | Civ. No. 24-5665 (RMB-SAK) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| WELLPATH MEDICAL DEP'T INC., et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about April 25, 2024, Plaintiff Jamie Hayes, a pretrial detainee confined in Cape May County Correctional Center, in Cape May, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  (Dkt. No. 1.)

2. Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a).  (Dkt. Nos. 1-1 and 1-2.)  Plaintiff's IFP application establishes his financial eligibility to proceed without prepayment of the $350 filing fee and will be granted.

3. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be

1

granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

5. The defendants to the complaint are Wellpath Medical Corporation Inc.,[1] Dr. Gary Oxenberg, Terry Giannetti, Gina Lu, the State of New Jersey, Cape May County Correctional Facility, Donald J. Limbardo, and John and Jane Does 1-100. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983.

6. The allegations in the complaint are very difficult to decipher. Plaintiff attached, as exhibits to the complaint, two inmate/staff correspondence forms and several medical records. In one of the inmate/staff correspondence forms, Plaintiff asked for a grievance form because "WellPath Medical Department" denied his "set

---

[1] Wellpath Medical Corporation Inc. is named a defendant in the body of the complaint and "Wellpath Medical Dept. Inc." is the defendant named in the caption of the complaint.

appointment" for forehead plastic surgery on November 3, 2023. (Dkt. No. 1-3 at 2.) A medical record submitted by Plaintiff shows Plaintiff, while at Ancora Psychiatric Hospital, was scheduled for a dermatology surgical consultation for his forehead in February 2023.  (Dkt. No. 1-3 at 7.)  In another inmate/staff correspondence form, Plaintiff requested greater access to a wheelchair for his degenerative spinal disc condition, and staff responded that a wheelchair would be provided as needed.  (Dkt. No. 1-3 at 3.)

    7.  The State of New Jersey has Eleventh Amendment immunity from suit for civil rights claims under 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67-71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision)).  This claim will be dismissed with prejudice.  Likewise, Cape May County Correctional Center is not a "person" liable to suit under 42 U.S.C. § 1983.  *See Clark v. Camper*, No. CV 22-3054, 2023 WL 2796084, at *3 (E.D. Pa. Apr. 5, 2023) ("the Third Circuit has routinely affirmed dismissals of complaints against prisons because they are not "persons" under § 1983") (citations omitted)). This claim will also be dismissed with prejudice.

    8.  "[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)).  Courts in the Third Circuit apply the same standard for inadequate medical care claims brought by prisoners under the Eighth Amendment and pretrial detainees under the Fourteenth Amendment.  *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003).  To state a claim

3

for relief, Plaintiff must "make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)). Deliberate indifference has been shown

> where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs.

*Id.* at 538 (3d Cir. 2017) (quoting *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). Insofar as this Court is able to understand the allegations alleged in the complaint by referencing the attached exhibits, Plaintiff has failed to allege sufficient facts to state a Fourteenth Amendment claim of inadequate medical care against the defendants. Plaintiff has not alleged sufficient facts about his medical need for plastic surgery and greater use of a wheelchair, who denied his requests for such care, and why his requests were denied. Allegations of medical negligence or disagreement with the medical treatment provided are insufficient to state a claim of deliberate indifference to a serious medical need. Plaintiff is granted leave to file an amended complaint, where he should, in a short and concise manner, describe when, where and what each defendant did to violate Plaintiff's constitutional rights.

9. In conclusion, this Court will grant Plaintiff's IFP application, dismiss with prejudice Plaintiff's § 1983 claim against the State of New Jersey based on Eleventh Amendment immunity, dismiss with prejudice Plaintiff's § 1983 claim against Cape May County Correctional Center because a jail is not a "person" who may be sued under § 1983, and dismiss without prejudice the remainder of Plaintiff's claims. Plaintiff is granted leave to file an amended complaint.

An appropriate order follows.

Dated: **July 19, 2024**

Renée Marie Bumb  
RENÉE MARIE BUMB  
Chief United States District Judge