*NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMIE HAYES, | Civ. No. 24-5665 (RMB-SAK) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| WELLPATH MEDICAL DEP'T INC., et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about April 25, 2024, Plaintiff Jamie Hayes, a pretrial detainee confined in Cape May County Correctional Center, in Cape May, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Compl., Dkt. No. 1.

2. On July 19, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), dismissed the complaint without prejudice upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and granted Plaintiff leave to file an amended complaint. Order, Dkt. No. 5.

3. Plaintiff filed an amended complaint. Am. Compl., Dkt. No. 6. The Court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss claims that are frivolous, malicious, fail to state a claim upon which

1

relief may be granted, or seek monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

5. The defendants to the amended complaint are Wellpath Medical Corporation Inc., State of New Jersey, Ben Slocum, Trish Cileane, Taylor Fithian, Dr. Gary Oxenberg, Valory Montgomery Rice, Jorge Dominicis, Donald J. Lombardo, Charles Magill, Kourtney Perry, Terry Giannetti, Kipp Hallman, Gina Crammer, Leonard C. Desiderio, Victoria Wells Manlandro, Stuart Lynd, Charles Dick, and John and Janes Does. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983.[1]

6. The Court previously dismissed with prejudice the § 1983 claim against the State of New Jersey, and that claim may not be reasserted. *See Will v. Michigan Dep't*

---

[1] Plaintiff also asserts a frivolous jurisdictional argument in Paragraph 1a of his amended complaint. Dkt. No. 6 at 3.

2

*of State Police*, 491 U.S. 58, 67-71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision)).

7. "[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)). Courts in the Third Circuit apply the same standard for inadequate medical care claims brought by prisoners under the Eighth Amendment and pretrial detainees under the Fourteenth Amendment. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). To state a claim for relief, Plaintiff must "make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)). Deliberate indifference has been shown

> where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs.

*Id.* at 538 (3d Cir. 2017) (quoting *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

8. Liberally construing the amended complaint and giving Plaintiff the benefit of all reasonable inferences from his allegations, Plaintiff was medically determined to be a "fall risk," and Dr. Gary Oxenberg at Cape May Correctional Center refused to

give Plaintiff a written pass for wheelchair use in certain areas of the correctional facility, and further deprived Plaintiff of needed medical supplies. This claim may proceed.

9. Plaintiff alleges he required plastic surgery and Dr. Oxenberg and Nurse Practitioner Gina were responsible for delays in scheduling him for surgery. A similarly-situated white detainee was promptly scheduled and transported for plastic surgery. The Court construes this as an Equal Protection Claim under the Fourteenth Amendment. The claim may proceed against Dr. Oxenburg and Nurse Practitioner Gina.[2]

10. The remainder of the claims are dismissed without prejudice because they are either incomprehensible and/or fail to sufficiently state the defendant's personal involvement in a constitutional claim.

11. This case has been permitted to proceed in part. If Plaintiff wishes to amend the dismissed claims or otherwise amend the complaint, he may file a second amended complaint in compliance with Fed. R. Civ. P. 15, and Federal Rules of Civil Procedure 8, 11, 18 and 20. If Plaintiff files a second amended complaint, it will replace and supersede the amended complaint, and, therefore, must contain all claims against all defendants, and must be served on all defendants. A supplemental complaint may only be filed in compliance with Federal Rule of Civil Procedure 15(d).

---

[2] The only defendant in the caption with the first name "Gina" is Gina Crammer.

12. For the reasons stated above, the amended complaint may proceed in part, and is dismissed in part.

An appropriate order follows.

Dated: **February 18, 2025**

                                        Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        Chief United States District Judge